**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOB ENTERTAINMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 CV 01581 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED IN SCHEDULE "A," | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mob Entertainment, Inc. ("Plaintiff") in this "Schedule A" case moves for entry of default and default judgment against one defaulting defendant ("Defendant") pursuant to Federal Rule of Civil Procedure 55. For the following reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment [29].

**BACKGROUND**

Plaintiff is a digital entertainment company that "developed and released the world-famous video game, Poppy Playtime." (Dkt. 15, at ¶ 5). In addition to the video game, Plaintiff sells Poppy Playtime products, such as stuffed toys, posters and clothing (the "Products"). (*Id.* at ¶ 8). Plaintiff utilizes the POPPY PLAYTIME, BOXY BOO, and MOMMY LONG LEGS trademarks in connection with the Poppy Playtime video game and related products (together, "the Trademarks"). (*Id.* at ¶ 10). Plaintiff registered the Trademarks with the United States Patent and Trademark Office. (*Id.*) Plaintiff also received copyrights for the Poppy Playtime copyrighted works ("the Copyright Works") on July 26, 2023 from the U.S. Copyright Office. (*Id.* at ¶ 15). The Copyright Works provide Plaintiff with "the exclusive rights to reproduce, prepare derivative works of, distribute copies or, and

display [the Copyright Works] to the public." (*Id.* at ¶ 16). Plaintiff claims Defendant uses the Trademarks and copies of the Copyrighted Works in connection with its knowing and willful sale of unauthorized Products. (*Id.* at ¶ 32)

Plaintiff now moves this Court to enter default judgment against Defendant, finding that: (a) Defendant is liable on all counts of the Complaint: (b) Plaintiff is entitled to $50,000 in statutory damages against Defendant pursuant to 15 U.S.C. § 1117(c); (c) Plaintiff is entitled to an award of $50,000 for willful copyright infringement pursuant to 17 U.S.C. § 504(c) against each Defendant; (d) Plaintiff is entitled to a permanent injunction order prohibiting Defendant from selling the Product, using the Product's trademarks without authorization, and reproducing, distributing copies or, making derivative works of, or publicly displaying the Copyrighted Works; and (e) all assets in Defendant's financial accounts should be transferred to Plaintiff.

**DISCUSSION**

The Lanham Act allows for statutory damages in cases "involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1117(c). A plaintiff may recover "not less than $1,000 or more than $200,000 per counterfeit mark," and up to $2,000,000 if the defendant's conduct is willful. *Id.* at § 1117(c)(1)-(2).

The district court enjoys broad discretion to award statutory damages. *See* 15 U.S.C. § 1117(c) (advising that district court may "enter judgment for such sum as the court shall find to be just"); *Volkswagen AG v. iman365-usa*, 2020 WL 977969, at *3 (N.D. Ill. Feb. 28, 2020) (Chang, J.). To assess trademark infringement damages, courts analogize case law applying the statutory damages scheme for copyright infringement, 17 U.S.C. § 504(b). *See, e.g.*, *Entm't One UK Ltd. v. 2012shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (Leinenweber, J.); *River Light V, L.P. v. Zhangyali*, 2016 WL 4429758, at *3 (N.D. Ill. Aug. 22, 2016) (Shah, J.). "In setting the amount of statutory damages, the Court considers factors like 'the difficulty or impossibility of proving actual damages, the circumstances of

the infringement, and the efficacy of the damages as a deterrent to future . . . infringement.'" *Volkswagen*, 2020 WL 977969, at *3 (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991)).

Plaintiff's requested relief here is entirely, and unnecessarily, overbroad. First, Plaintiff requests $50,000 in statutory damages for trademark infringement and $50,0000 in damages for copyright infringement from Defendant. But the minimal information provided by Plaintiff about "the circumstances of the infringement" cannot support such a high award. *Id.* Here, Plaintiff only cites one instance of the sale of the allegedly infringing product through eBay. (Dkt. 34). This sale was to Plaintiff's investigators. (*Id.*). While Plaintiff alleges that Defendant had 80 units of the infringing product for sale and sold "at least" 41 products through its eBay storefront, (*Id.*), Plaintiff does not provide information on the other 79 units of allegedly infringing products Defendant is offering for sale nor does Plaintiff demonstrate that the 41 products sold actually infringe on the Trademarks of the Copyright Works.

As to Plaintiff's trademark infringement claim, Plaintiff offers screenshots of the allegedly infringing product sold on eBay as well as the product sold on Plaintiff's website. The allegedly infringing product sold on Defendant's eBay store front is labeled "New Hot Selling Smiling Critters Poppy Doll Horror Doll Plush Toy Claw Doll Birt." (*Id.* at Ex. 1). The Trademarks appear nowhere in the product listing. Therefore, the Court finds that the product is not likely to cause confusion among consumers and, therefore, denies Plaintiff's statutory damages request for its trademark infringement claim. *See Packman v. Chicago Tribune Co.,* 267 F.3d 628, 638 n. 8 (7th Cir. 2001).

As to Plaintiff's copyright infringement claim, the Court finds the eBay store front posting violates Plaintiff's copyright as to image CH3 CatNap (big). (Dkt. 15, at 9). While Plaintiff asks the Court to enter an order enjoining Defendant from reproducing, distributing copies or, or making

3

derivative works of, or publicly displaying all Copyrighted Works, the Court finds that only one Copyrighted Work is violated and at issue in this case.

Furthermore, Plaintiff offers no information about the duration of Defendant's infringing activity, Defendant's profits made in connection with their infringing activity, Defendant's estimated sales volume, Plaintiff's lost revenue, or the value or reputation of Plaintiff's trademarks. As other courts in this district have held, "statutory damages must 'bear some relation' to actual damages." *Entm't One UK Ltd.*, 384 F. Supp. 3d at 953 (citing *Luxottica Grp. S.p.A. v. Chen*, 2017 WL 836228, at *2 (N.D. Ill. Mar. 2, 2017)). And the Seventh Circuit is clear that "the amount of harm that the infringer inflicts goes to the amount of damages." *Gen. Elec. Co. v. Speicher*, 877 F.2d 531, 537 (7th Cir. 1989). While Plaintiff claims the lack of information regarding Defendant's sales and profits make statutory damages appropriate in this case, Plaintiff provides absolutely no information to support an award of $50,000 in statutory damages for copyright infringement, much less show any harm caused by Defendant's actions. The only evidence Plaintiff can show is the sale of one product that violates one Copyright Work to Plaintiff's investigators. Based on the information available in the record, the Court reduces the statutory damages to $1,000.

Second, Plaintiff asks this Court to prevent Defendant from transferring any assets out of their financial accounts, regardless of whether they bear some connection to the infringement at issue. Without any information about what percentage of the assets in Defendant's financial accounts is actually derived from sales of the infringing products in this case, Plaintiff's request poses too great of a risk that Defendant (who may very well also sell non-infringing products) will be unfairly burdened. To the extent the frozen assets need to satisfy the Court's judgment, the Court will allow the transfer to these funds to Plaintiff. After the award is satisfied, the Court terminates any further asset freeze currently imposed on Defendant's financial accounts.

The Court enters default judgment for Plaintiff and orders that: (a) Defendant is liable for the copyright infringement claims only; (b) Defendant is preliminarily enjoined from infringing Plaintiff's copyright as to image CH3 CatNap (big) only; and (c) Plaintiff is entitled to $1,000 from Defendant, which may be transferred to Plaintiff from Defendant's financial accounts.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment [29]. Plaintiff is directed to submit a proposed order consistent with this Order within 7 days.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 9/9/2025

5